**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:              July 9, 2014

Courtroom Deputy:  Kathleen Finney
Court Reporter:    Tracy Weir
Probation Officer: Patrick Lynch

---

**Criminal Action No.  13-cr-00161-REB-7**

_Parties:_                          _Counsel:_

UNITED STATES OF AMERICA,           Kasandra Carleton

     Plaintiff,

v.

7.  BERNARDINO GAMILLO,             Clifford Barnard
     a/k/a Mateo,
     a/k/a Sobrino,

     Defendant.

---

**SENTENCING MINUTES**

---

**2:39 p.m.      Court in session.**

Appearances of counsel.

Defendant is present in custody.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed. R. Crim. P. 32, the Probation Department has
conducted a presentence investigation and has filed a presentence report and addenda.

Counsel for the government confirms that counsel has read the presentence report and

addenda.

Counsel for the defendant informs the court that counsel has read and discussed the presentence report and addenda with the defendant.

Also pending before the court and relevant to sentencing are the following papers:  the **Government's Motion for Downward Variant Sentence** [#264] filed May 5, 2014; the **Government's Motion for Defendant to Receive the Third Level for Acceptance of Responsibility under U.S.S.G. §3E1.1(b)** [#265] filed May 5, 2014; the government's **Motion to Dismiss Count** [#266] filed May 5, 2014; and the **Defendant Gamillo's Sentencing Memorandum and Motion for a Below-Guideline Sentence or a Mandatory Minimum Sentence** [#268] filed May 7, 2014.

Defendant is sworn.

Statement by the defendant.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

     **IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows: the **Government's Motion for Downward Variant Sentence** [#264] is **GRANTED**;  the **Government's Motion for Defendant to Receive the Third Level for Acceptance of Responsibility under U.S.S.G. §3E1.1(b)** [#265] is **GRANTED**; the government's **Motion to Dismiss Count** [#266] is **GRANTED**; and  the **Defendant Gamillo's Sentencing Memorandum and Motion for a Below-Guideline Sentence or a Mandatory Minimum Sentence** [#268] is **DENIED as moot**;

3. That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on Count 1 of the Indictment;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **one hundred twenty (120) months**;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **five (5) years**; provided furthermore, that

within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

6.     That while on supervised release, the defendant shall comply with the following conditions of supervised release:

- all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

- all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

- the following explicit or special conditions of supervised release:

  - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

  - that the defendant shall not possess or use illegally controlled substances;

  - that the defendant shall not possess or use any firearm, destructive device, or dangerous weapon as defined under federal law at 18 U.S.C. § 921;

  - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

  - that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

  - that at defendant's expense, the defendant shall, unless then indigent, undergo an alcohol substance abuse evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment,

the probation department is authorized to release all records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment, therapy, counseling, testing, or education of the defendant; and

- that the defendant shall submit his person, property, residence, papers, and/or office to a search conducted by a U.S. probation officer; failure to submit to such a search may be grounds for revocation of supervised release; the defendant shall warn any other occupants that the premises may be subject to searches pursuant to this special condition; a probation officer may conduct such a search only when reasonable suspicion exists that the defendant has violated a condition of his supervised release and that the area to be searched must be conducted at a reasonable time and in a reasonable manner;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

9. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

11. That an order and judgment of forfeiture shall be entered pursuant to the plea agreement of the parties and the admission of the defendant of the forfeiture allegation of the Indictment and under the authority of Fed. R. Crim. P. 32.2(b)(3) and the statutory provisions of 21 U.S.C. § 853(c);

12. That this court recommends that the Bureau of Prisons designate the defendant to a correctional institution in the State and District of Colorado, preferably to FCI Englewood, in which he may participate in and complete RDAP; and

13. That the defendant is remanded to the custody of the United States Marshal.

The defendant is advised of the right to appeal the sentence imposed by the court.

**3:05 p.m.      Court in recess.**

Total time in court: 00:26
Hearing concluded.